# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

JENNIFER COPE,

        Plaintiff,

vs.

STATE OF NEVADA, *et al.*,

        Defendants.

Case No. 2:19-cv-02094-KJD-VCF

**ORDER**

APPLICATION TO PROCEED IN FORMA PAUPERIS (EFC NO. 1) AND COMPLAINT (ECF NO. 1-1)

Before the Court are pro se plaintiff Jennifer Cope's application to proceed in forma pauperis (ECF No. 1) and complaint (ECF No. 1-1). Cope's in forma pauperis application is granted. Cope will be allowed to proceed on claims 1 (due process) and 4 (search and seizure) against Officer L.S. Trach, P#14734. Claims 2 (equal protection) and 3 (cruel and unusual punishment) are dismissed without prejudice. Defendants the State of Nevada, the City of Las Vegas, and the Las Vegas Metropolitan Police Department are also dismissed without prejudice.

## DISCUSSION

Cope's filings present two questions: (1) whether Cope may proceed in forma pauperis under 28 U.S.C. § 1915(e) and (2) whether Cope's complaint states a plausible claim for relief.

**I.     Whether Cope May Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." Cope's application to proceed in forma pauperis includes a declaration under penalty of perjury that plaintiff is unable to pay the costs of these proceedings. (ECF No. 1). Plaintiff declares that she is homeless and that in the past 12 months she has received no wages and has no assets. (*Id.*) Plaintiff's application to proceed in forma pauperis is granted.

## II. Whether Cope's Complaint States a Plausible Claim

### a. Legal Standard

Section 1915 also requires that if the Court grants an application to proceed in forma pauperis, the Court must review plaintiffs' complaint to determine whether the complaint is frivolous, malicious, fails to state a claim on which the Court may grant relief, or if the complaint seeks damages against a defendant who is immune from that relief. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief" must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). Though "[n]o technical form is required for complaints" (Fed. R. Civ. P. 8(a)), "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. …If doing so would promote clarity, each claim founded on a separate transaction or occurrence…must be stated in a separate count or defense" (Fed. R. Civ. P. 10(b)).

The amended complaint must be "complete in itself, including exhibits, without reference to the superseded pleading." LR 15-1. "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). If the Court dismisses a complaint under §

1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### b. The Younger Doctrine

The United States Supreme Court has found that absent extraordinary circumstances, federal courts must not interfere with pending state criminal prosecutions, even if the civil litigant alleges violations of his constitutional rights. *Younger v. Harris*, 401 U.S. 37, 43 (1971). Pursuant to the Younger abstention doctrine federal courts may not stay or enjoin pending state criminal court proceedings, nor grant monetary damages for constitutional violations arising from them. *Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986). "Younger principles apply to a claim for damages based on constitutional challenges which can be asserted in pending state proceedings that implicate important state interests, and that the correct disposition is to defer – not to dismiss – when damages are at issue." *Gilbertson v. Albright*, 381 F.3d 965, 982 (9th Cir. 2004). Once the state proceeding has run its course, the Court can decide whether the damages action should proceed. "If the plaintiff is ultimately convicted [*Heck v. Humphrey*, 512 U.S. 477, (1994)] will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007).

### c. Nevada Law

Pursuant to NRS 207.200:

**Unlawful trespass upon land; warning against trespassing.**

1. Unless a greater penalty is provided pursuant to NRS 200.603, any person who, under circumstances not amounting to a burglary:

(a) Goes upon the land or into any building of another with intent to vex or annoy the owner or occupant thereof, or to commit any unlawful act; or

(b) Willfully goes or remains upon any land or in any building after having been warned by the owner or occupant thereof not to trespass, is guilty of a misdemeanor.

NRS 205.0817 states that:

**Unlawful occupancy; penalty.**

1. A person who takes up residence in an uninhabited or vacant dwelling and knows or has reason to believe that such residency is without permission of the owner of the dwelling or an authorized representative of the owner is guilty of unlawful occupancy.

2. A person is presumed to know that the residency described in subsection 1 is without the permission of the owner of the dwelling or an authorized representative of the owner unless the person provides a written rental agreement that:

(a) Is notarized or is signed by an authorized agent of the owner who at the time of signing holds a permit to engage in property management pursuant to chapter 645 of NRS; and

(b) Includes the current address and telephone number of the owner or his or her authorized representative.

3. A person convicted of unlawful occupancy is guilty of a gross misdemeanor.

### d. The Claims in the Complaint

Cope's complaint is difficult to follow because it is written in cursive. It appears that Cope alleges that she was in an open field in and that three officers issued her a citation for trespassing, removed her from the field, and forced her to abandon her personal property. (ECF No. 1-1). Cope appears to bring claims for violations of her civil rights under 42 USC Section 1983 for violation of due process, equal protection, cruel and unusual punishment, search clause, and the Fourteenth and Eighth Amendments of the United States Constitution.

### i. Claim 1 (Due Process-Fourteenth Amendment)

The Fourteenth Amendment's Due Process Clause provides that: "No state shall . . . deprive any

4

person of life, liberty, or property, without due process of law." U.S. Const., Amend. 14. "In evaluating procedural due process claims, the court must engage in a two-step inquiry: (1) the court must ask whether the state has interfered with a protected liberty or property interest; and (2) the court must determine whether the procedures attendant upon that deprivation were constitutionally sufficient." *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 609 F. Supp. 2d 1163, 1165 (D. Nev. 2009), citing to *Humphries v. County of Los Angeles*, 554 F.3d 1170, 1184-85 (9th Cir. 2009).

The Ninth Circuit has held that homeless persons retain an "interest in the continued ownership of their personal possessions." *Lavan v. City of L.A.*, 693 F.3d 1022, 1031 (9th Cir. 2012); see also, *Carr v. Oregon Dep't of Transp.*, No. 3:13-CV02218-MO, 2014 WL 3741934, at 4 (D. Or. July 29, 2014) ("Within this most basic scope of the due process guarantee is a homeless person's ownership interest in property that she has left unattended but not abandoned."); *Sanchez v. City of Fresno*, 914 F. Supp. 2d 1079, 1103 (E.D. Cal. 2012) ("[A] homeless person's unabandoned possessions are 'property' within the meaning of the Fourteenth Amendment[.]")

Cope's due process claim raises two issues: (1) whether she was entitled to due process prior to being trespassed and (2) whether she was entitled to due process regarding her belongings. Cope claims that when the police issued her a ticket for trespassing, removed her from the property, and forced her to abandon her belongings, they violated her due process rights.

Regarding the trespassing citation, if the police issued a criminal citation in accordance with NRS 207.200, it is not clear if Cope has pled guilty in a state court proceeding or if there are pending state court criminal charges. Because NRS 207.200 is a criminal statute, the *Younger* doctrine applies, and this Court cannot proceed to hear Cope's claims until Cope informs the Court whether she pled guilty to a criminal offence or if the State Court dismissed the citation. Cope must also inform the Court if she appealed the citation. If Cope wishes to bring a due process claim regarding the trespass

citation, Cope must either amend her complaint or file a notice with the Court to inform the Court whether: (1) she has been criminally trespassed or found guilty in any state court proceeding, or (2) whether her conviction has been overturned.

Cope has stated a plausible due process claim regarding the alleged seizure of her belongings. Cope claims that Officer Trach forced her to abandon her property in the field and she says she had no opportunity for a hearing regarding the seized property. Because Cope has stated one set of facts regarding the seizure of her property without due process, under the liberal pleading standard, she may proceed with her due process claim.

### ii. Claim 2 (Equal Protection-Fourteenth Amendment)

The Equal Protection Clause of the Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. 14, § 1. The Equal Protection Clause requires the government to treat all similarly situated persons alike. *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439, 105 S. Ct. 3249, 87 L. Ed. 2d 313 (1985). If a law is administered to discriminate unjustly between persons similarly situated, a denial of equal protection may be the result. *Guillory v. County of Orange*, 731 F.2d 1379, 1383 (9th Cir. 1984). Cope states that the three officers, including Trach, trespassed other homeless people from the field. (ECF 1-1 at 4). Cope fails to state a cognizable equal protection claim because she does not allege that the police treated her differently than similarly situated individuals. The Court dismisses this claim without prejudice.

### iii. Claim 3 (Cruel and Unusual Punishment-Eighth Amendment)

The Eighth Amendment states that, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. Amend. 8.

//

The Supreme Court has recognized three distinct limitations on the state's criminal power under the Cruel and Unusual Punishments Clause:

> First, it limits the kinds of punishment that can be imposed on those convicted of crimes; second, it proscribes punishment grossly disproportionate to the severity of the crime; and third, it imposes substantive limits on what can be made criminal and punished as such.

*Ingraham v. Wright*, 430 U.S. 651, 667, 97 S. Ct. 1401, 51 L. Ed. 2d 711 (1977). The first two limitations serve the "primary purpose" of the Cruel and Unusual Punishments Clause, which "has always been considered, and properly so, to be directed at the method or kind of punishment imposed for the violation of criminal statutes limit the punishment that is imposed." *Id.* (quoting *Powell v. Texas*, 392 U.S. 514, 531-32, 88 S. Ct. 2145, 20 L. Ed. 2d 1254 (1968)). Ingraham distinguished the third limitation on "what can be made criminal" within the Cruel and Unusual Punishments Clause "as one to be applied sparingly." *Id*.

Cope states that she was not injured, and she did not go to jail, so she has not stated a claim within the first two limitations. Regarding the third limitation, Cope presents circumstances that are compelling, but she has not stated a plausible claim that the act of her being trespassed from the property imposes limits on what can be made criminal. The Court dismisses this claim without prejudice.

### iv. Claim 4 (Search and Seizure-Fourth Amendment)

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures," and requires that a warrant sanctioning a search or seizure be supported by probable cause. U.S. Const., Amend. 4. The Ninth Circuit has held that homeless people have a Fourth Amendment property interest in unattended property left on public sidewalks. See *Lavan v. City of Los Angeles*, 693 F.3d 1022, 1029-1030 (9th Cir. 2012) ("[v]iolation of a City ordinance does not vitiate the Fourth Amendment's protection of one's property. Were it otherwise,

the government could seize and destroy any illegally parked car or unlawfully unattended dog without implicating the Fourth Amendment.")

"The Fourth Amendment protects against unreasonable interferences in property interests regardless of whether there is an invasion of privacy." *Miranda v. City of Cornelius*, 429 F.3d 858, 862 (9th Cir. 2005) (emphasis added). The Supreme Court has held that, "seizures of property are subject to Fourth Amendment scrutiny even though no search within the meaning of the Amendment has taken place." *Soldal v. Cook Cty.*, 506 U.S. 56, 68, 113 S. Ct. 538, 547 (1992).

Cope alleges that Officer Trach forced her to abandon her property and she alleges that this was a seizure of her property. Cope has stated a plausible seizure cause of action and she may proceed on this claim. Should plaintiff amend her complaint regarding the other claims, she must allege specific facts under specific claims that make each cause of action plausible.

### e. The Named Defendants in the Complaint

42 U.S.C.S. Section 1983 creates a cause of action against a person who, acting under the color of state law, deprives a person of their constitutional rights. The section "does not create any substantive rights; rather it is the vehicle whereby plaintiffs can challenge actions by governmental officials." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim under Section 1983, the plaintiff must allege "(1) the action occurred under color of state law and (2) the action resulted in the deprivation of a constitutional right or federal statutory right." *Id.* (quotation omitted).

Under the Eleventh Amendment a state may not be sued in federal court without its consent. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Connor v. State of Nevada*, 686 F.2d 749, 750 (9th Cir.). Nevada's legislature has explicitly refused to waive the state's immunity under the Eleventh Amendment. NRS § 41.031(3); *O'Connor*, 686 F.2d at 750.

Municipalities may not be held liable on a respondeat superior theory under Section 1983.

8

*Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Instead, a municipal entity may be liable when its "policy or custom . . . inflicts the injury." *Id.* at 694. Municipalities and other local government units are included in that group of "persons" referred to in Section 1983. *Id.* A complaint must allege "that the policy is the moving force behind the constitutional violation." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). A single act by a non-policymaking official does not show the existence of a policy, custom, or practice. *Rivera v. Cty. of Los Angeles*, 745 F.3d 384, 389 (9th Cir. 2014). "[O]nly if a plaintiff shows that his injury resulted from 'permanent and well settled' practice may liability attach for injury resulting from a local government custom." *McDade v. West*, 223 F.3d 1135, 1141 (9th Cir. 2000).

To establish liability for a Section 1983 violation, plaintiff must establish that defendant's actions were (1) the cause in fact and (2) the proximate cause of the constitutional deprivation. *White v. Roper*, 901 F.2d 1501, 1505-1506 (9th Cir. 1990). To hold an individual defendant personally liable for damages under Section 1983, the causation inquiry must be focused on whether the individual defendant was in a position to take steps to avert the incident giving rise to the deprivation but failed to do so intentionally or with deliberate indifference. See *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

The Court lacks jurisdiction over this action against the State of Nevada because under the Eleventh Amendment a state may not be sued in federal court without its consent. Pursuant to statute, Nevada's legislature has refused to waive immunity, thus the State of Nevada must be dismissed as a defendant. The plaintiff also has not alleged any facts that the City of Las Vegas or the LVMPD have a policy or custom that is the moving force behind the alleged constitutional violations, so the Court must dismiss the City of Las Vegas and the LVMPD as defendants.

The plaintiff has pled plausible facts to show that Officer Trach was the cause in fact and proximate case of the alleged constitutional violation because she appears to argue that Officer Trach

9

was an integral participant and one of the three officers that seized her property and forced her to leave the field. If she amends her complaint, the plaintiff must print neatly or type to present the facts, defendants, and claims in a legible manner. The Court gives plaintiff leave to amend her complaint to address the deficiencies discussed in this order.

ACCORDINGLY,

IT IS ORDERED that plaintiff Cope's application to proceed in forma pauperis (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court shall file the complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that Cope's claims 2 (equal protection) and 3 (cruel and unusual punishment) are DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that defendants the State of Nevada, the City of Las Vegas, and the Las Vegas Metropolitan Police Department are DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that plaintiff has until February 4, 2020 to file a notice with this Court regarding the status of any criminal proceedings, sentencing, or appeals, related to the trespass ticket. Cope may alternatively address these issues and clarify her due process claim in her amended complaint.

IT IS FURTHER ORDERED that plaintiff has until February 4, 2020 to file an amended complaint addressing the issues discussed above. If plaintiff does not file an amended complaint, this case will proceed on the claim 1 (due process) and claim 4 (search and seizure) only. Failure to timely file an amended complaint that addresses the deficiencies regarding claims 2 and 3 noted in this order may result in a recommendation for dismissal of those claims with prejudice.

IT IS FURTHER ORDERED that if an amended complaint is later filed, the Clerk of the Court is directed **NOT** to issue summons on the amended complaint. The Court will issue a screening order on

the amended complaint and address the issuance of summons at that time, if applicable. *See* 28 U.S.C. § 1915(e)(2).

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

IT IS SO ORDERED.

DATED this 6th day of January 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE