# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

***

JENNIFER COPE,

                     Plaintiff,

vs.

STATE OF NEVADA, *et al*.,

                    Defendants.

Case No. 2:19-cv-02094-KJD-VCF

**REPORT AND RECOMMENDATION**

**AND**

**ORDER**

COMPLAINT (ECF NO. 4)

Before the Court is pro se plaintiff Jennifer Cope's complaint (ECF No. 4). The Court granted Cope's application to proceed in forma pauperis. (ECF No. 3). The Court dismissed Cope's 1) claims 2 (equal protection) and 3 (cruel and unusual punishment); and 2) defendants the State of Nevada, the City of Las Vegas, and the Las Vegas Metropolitan Police Department, without prejudice. (*Id.* at 10). The Court ordered that plaintiff had until February 4, 2020 to amend her complaint. The plaintiff did not amend her complaint.

The Court noted, however, that claims 1 (due process) and 4 (search and seizure) against Officer L.S. Trach, P#14734 should be allowed to proceed, but ordered that plaintiff had, "until February 4, 2020 to file a notice with this Court regarding the status of any criminal proceedings, sentencing, or appeals, related to the trespass ticket." (*Id.*) Cope did not file a notice with the Court.

For the reasons discussed in the Court's screening order (ECF No. 3), the Court recommends that plaintiff's 1) claims 2 (equal protection) and 3 (cruel and unusual punishment); and 2) defendants the State of Nevada, the City of Las Vegas, and the Las Vegas Metropolitan Police Department be dismissed without prejudice.

In the screening order, the Court discussed the necessity of the notice from plaintiff regarding any potential criminal proceedings pursuant to the United States Supreme Court's decision regarding abstention in *Younger v. Harris*, 401 U.S. 37, 43 (1971). "Younger principles apply to a claim for damages based on constitutional challenges which can be asserted in pending state proceedings that implicate important state interests, and that the correct disposition is to defer – not to dismiss – when damages are at issue." *Gilbertson v. Albright*, 381 F.3d 965, 982 (9th Cir. 2004). Since damages are at issue and plaintiff has not notified the Court regarding the status of the potential criminal proceedings, the Court stays plaintiff's case for 60 days. Plaintiff must file a notice with the Court within 60 days regarding the status of any criminal case related to the trespass. Plaintiff must inform the Court in the notice whether there is a pending criminal case, whether the criminal case is resolved, and whether sentencing and any appeals are completed. If plaintiff fails to file a notice within 60 days, the Court may recommend dismissal of all plaintiff's claims.

ACCORDINGLY,

IT IS FURTHER ORDERED that the Clerk of Court shall file the complaint (ECF No. 1-1).

IT IS RECOMMENDED that Cope's claims 2 (equal protection) and 3 (cruel and unusual punishment) be DISMISSED.

IT IS FURTHER RECOMMENDED that defendants the State of Nevada, the City of Las Vegas, and the Las Vegas Metropolitan Police Department be DISMISSED.

IT IS ORDERED that Cope's remaining claims are STAYED pending further order from this Court.

IT IS FURTHER ORDERED that Cope has until Monday, May 4, 2020 to file a notice with this Court regarding the status of any criminal proceedings sentencing, or appeals, related to the trespass ticket.

IT IS FURTHER ORDERED that if Cope files the Court ordered notice, the Clerk of the Court is directed NOT to issue summons on the instant complaint. The Court will review the notice and issue an order to address whether the stay is lifted. The Court will also issue a screening order on the complaint and address the issuance of summons at that time, if applicable. See 28 U.S.C. § 1915(e)(2).

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

IT IS SO ORDERED.

DATED this 4th day of March 2020.

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

3